```
 1
 2
 3
 4
 5
 6
 7
 8                       UNITED STATES DISTRICT COURT
 9                      CENTRAL DISTRICT OF CALIFORNIA
10
11   MICHAEL A. SEDILLO,           )   Case No. EDCV 13-01946 AN
                                   )
12         Plaintiff,              )   MEMORANDUM AND ORDER
                                   )
13      v.                         )
                                   )
14   CAROLYN W. COLVIN, ACTING     )
     COMMISSIONER OF THE SOCIAL    )
15   SECURITY ADMINISTRATION,      )
                                   )
16         Defendant.              )
                                   )
```

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising two disputed issues. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions in conjunction with the AR. This matter is now ready for decision.

**Issue #1**

Plaintiff contends the Administrative Law Judge ("ALJ") failed to give clear and convincing reasons for rejecting his subjective symptom testimony. (JS 3-10.)

Plaintiff reported that he suffers from schizophrenia, depression, anxiety, suicidal thoughts, high cholesterol, shoulder pain, left hand pain, audio and visual hallucinations, difficulty sleeping, trouble getting along with people, and problems with reading, math, and concentration. (AR 29-41.) Plaintiff stated that he does not perform household

chores, cook, do yard work, wash laundry, or grocery shop. (AR 40.) Plaintiff claimed that he is limited to sitting 20 to 30 minutes, standing 10 minutes, walking 2 blocks, and lifting 10 pounds with his left hand. (AR 30, 41.) Plaintiff further claimed that he is unable to lift any weight with his right hand. (AR 30.)

Plaintiff submitted applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] (AR 10.) With respect to Plaintiff's application for DIB, the ALJ determined that Plaintiff did not suffer from a severe impairment at any time from his alleged onset date of December 14, 2005, through his date last insured of December 31, 2009, and therefore, was not entitled to DIB. (AR 12-13.) With respect to Plaintiff's SSI application, the ALJ found that Plaintiff suffers from severe impairments, including schizophrenia (paranoid type), rotator cuff tendinitis, bicep tendinitis, impingement syndrome of the left shoulder, and degenerative joint disease or arthritis of the left shoulder. (AR 12-13.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") for a range of light work, including the ability to lift and/or carry 20 pounds occasionally and 10 pounds frequently, reach and grasp bilaterally frequently, perform routine and repetitive tasks, and engage in tasks involving limited contact with coworkers. (AR 15.) The ALJ also found that Plaintiff should have no contact with the general public or perform tasks involving hypervigilance or being responsible for the safety of others. (AR 15.) Based on this RFC, along with Plaintiff's vocational profile and the testimony of a vocational expert, the ALJ concluded that Plaintiff was capable of making a successful adjustment to other work that exists in the national economy. (AR 15, 19-20.)

In denying Plaintiff's claims for benefits, the ALJ made two adverse credibility

---

[1] To be eligible for benefits under DIB, a claimant must show that he became either permanently disabled or subject to a condition so severe as to disable him prior to his date last insured for DIB. (AR 11-12); 42 U.S.C. § 423; *see also Armstrong v. Comm'r of Soc. Sec. Admin.*, 160 F.3d 587, 589 (9th Cir. 1998) ("In order to obtain disability benefits [DIB], [a claimant] must demonstrate that he was disabled prior to his last insured date."). Unlike DIB, a determination of disability benefits under SSI may be based on a showing that Plaintiff was disabled and met the financial requirements for SSI. *See* 20 C.F.R. § 416.202.

determinations, based on Plaintiff's applications for DIB and SSI.

DIB

The ALJ found that Plaintiff's subjective symptom testimony was not fully credible with respect to his DIB claim, because Plaintiff failed to seek treatment for his mental and physical impairments prior to his date last insured of December 31, 2009. (AR 12-13, 35.) When asked why he had not sought treatment during the relevant period, Plaintiff responded that he had been experiencing symptoms of schizophrenia since 2006, but did not have health insurance. (AR 35.) Plaintiff explained that he began to seek medical treatment in 2010, after he was approved for medical benefits through welfare. (AR 35.) The ALJ concluded that the large gap of time during which Plaintiff neither sought nor received medical treatment suggested that his symptoms were not so severe. (AR 12.) In general, however, a claimant's subjective complaints should not be rejected for lack of treatment when the record establishes that he could not afford it. *See Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1297 (9th Cir. 1999); *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (explaining that a claimant's indigence or uninsured status cannot be a reason to discredit his credibility); *Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995) ("[A] disabled claimant cannot be denied benefits for failing to obtain medical treatment that would ameliorate his condition if he cannot afford that treatment."). While the ALJ faulted Plaintiff for failing to seek treatment through free health programs, the ALJ failed to make any specific finding that such programs were available to Plaintiff.[2/] (AR 12); *see, e.g., Ramirez v. Colvin*, 2013 WL 1752453, at *5 (C.D. Cal. April 22, 2013) (ALJ's finding that claimant failed to seek treatment at county facilities was not an adequate reason to discount claimant's credibility where there was no evidence that claimant unreasonably failed to seek free medical care, and the ALJ made no findings as to the existence of such resources). Moreover, Plaintiff's lack of treatment may be a questionable basis on which to reject his claims of mental impairment,

---

[2/] The ALJ merely noted that "nothing in the record suggests that the claimant did not qualify for low cost of [sic] no cost insurance at that time." (AR 12.)

as mental illness can impair judgment resulting in failure to seek assistance. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation") (citation and internal quotation marks omitted). Although Plaintiff's failure to seek treatment prior to his date last insured was not a proper basis for disregarding Plaintiff's testimony, the ALJ provided other valid reasons to support the credibility determination, as discussed below. As substantial evidence supports the ALJ's credibility decision, any error in relying on Plaintiff's lack of treatment history is deemed harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) ("an ALJ's error was harmless where the ALJ provided one or more invalid reasons for disbelieving a claimant's testimony, but also provided valid reasons that were supported by the record"); *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008) (an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.").

### SSI

In finding Plaintiff's subjective complaints not fully credible with respect to Plaintiff's SSI application, the ALJ properly considered inconsistencies in Plaintiff's statements. (AR 15); *see Orn v. Astrue*, 495 F.3d 625, 636 (9th Cir. 2007) (in weighing a claimant's credibility, and ALJ may consider "inconsistencies in testimony or between testimony and conduct"); *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (inconsistent statements and a tendency to exaggerate provide a valid basis for discrediting the testimony of a claimant); *Smolen*, 80 F.3d at 1284 (The ALJ may consider Plaintiff's reputation for truthfulness, prior inconsistent statements concerning her symptoms, and other testimony by Plaintiff that appears less than candid.). For example, the ALJ noted Plaintiff gave conflicting testimony about his limitations in lifting. (AR 16, 30, 41.) Plaintiff testified that the pain in his left shoulder was worse than in his right shoulder. (AR 38-39.) Yet, Plaintiff reported greater lifting limitations on the right side. (AR 16.) Plaintiff testified that he could lift 10 pounds with his left hand, but

1  no weight at all with his right hand. (AR 16, 30, 38-39, 41.) Plaintiff's description about
2  his limitations in his function reports also conflicted with his testimony. (AR 16.) In the
3  function reports, Plaintiff admitted that he was able to lift 20 to 25 pounds. (AR 16, 176,
4  210.) The ALJ properly relied on the inconsistencies in Plaintiff's reported limitations to
5  find Plaintiff's testimony not entirely reliable.[3/]

      The ALJ further found that Plaintiff's complaints about his symptoms were not supported by the objective medical evidence in the record. (AR 16-17); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (objective medical evidence may not be sole reason for discounting credibility but is nonetheless a legitimate and relevant factor to be considered in assessing credibility); *see Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider the inconsistency between claimant's subjective complaints and objective medical findings in the credibility analysis). The ALJ found that the objective medical evidence contradicted Plaintiff's reported shoulder impairments and lifting limitations. (AR 16-18.) The consultative examiner reported that Plaintiff's right shoulder examination was normal, and that x-rays of Plaintiff's right shoulder were within normal limits. (AR 18, 328-29.) The lack of objective medical evidence to support Plaintiff's complaints of impairment was a clear and convincing reason to reject his credibility. *Burch*, 400 F.3d at 680-81. As for Plaintiff's left shoulder impairment, the ALJ noted that Plaintiff was treated conservatively with medication. (AR 17.) Plaintiff was not given cortisone injections, physical therapy or surgery. (AR 17, 326.) This too was a clear and convincing reason for rejecting Plaintiff's credibility. *See Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) ("We have previously indicated that evidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment.") (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir.

---

[3/]     A closer look at the record reveals that Plaintiff also offered inconsistent statements about his substance abuse. At Plaintiff's April 2012 hearing, Plaintiff testified that he had stopped using marijuana four years earlier. (AR 38.) However, in August 2010, Plaintiff admitted that he had used marijuana in July 2010 to help him with his symptoms, and Plaintiff's treating physician diagnosed Plaintiff with cannabis dependence. (AR 238, 242-43, 249.)

1 1995)). The ALJ also considered Plaintiff's complaints that he has sleep problems and
2 sleeps most of the day due to his medications. (AR 16, 29, 39-40.) Although Plaintiff
3 reported intermittent sleep problems, in 2011, Plaintiff's treating physicians noted that
4 Plaintiff was sleeping well. (AR 17, 281, 297-98.) Plaintiff's treatment records showed
5 that Plaintiff's symptoms improved with medication and he did not complain of side
6 effects. (AR 17, 283, 285, 295, 296, 297, 298, 299, 300, 301.) Ultimately, the lack of
7 objective medical evidence supporting Plaintiff's alleged impairments and his
8 conservative treatment amounted to clear and convincing reasons for rejecting his
9 credibility. *Burch*, 400 F.3d at 680-81.

10 Accordingly, reversal or remand is not warranted based on Issue #1.

**Issue #2**

12 Plaintiff contends that the ALJ failed to give proper consideration to the opinions
13 of Plaintiff's son, wife, and daughter. (JS 14-16; AR 42-46, 162-69, 197-204.)

14 "[T]o discount competent lay witness testimony, the ALJ must give reasons that
15 are germane to each witness." *Molina*, 674 F.3d at 1114-15 (9th Cir. 2012) (citation and
16 internal quotation marks omitted); *Smolen*, 80 F.3d at 1288-89; *Lewis v. Apfel*, 236 F.3d
17 503, 511 (9th Cir. 2001) (lay witness testimony "is competent evidence that an ALJ must
18 take into account," unless the ALJ "expressly determines to disregard such testimony and
19 gives reasons germane to each witness for doing so."). The ALJ may also "draw
20 inferences logically flowing from the evidence." *Sample v. Schweiker*, 694 F.2d 639, 642
21 (9th Cir. 1982).

22 The ALJ considered the statements of Plaintiff's son, wife, and daughter, but found
23 the statements were substantially similar to Plaintiff's subjective testimony. (AR 16, 42-
24 46, 162-69, 197-204.) These three lay witnesses described Plaintiff as a person who
25 engages in extremely limited activities, has difficulty being around people, and suffers
26 from audio and visual hallucinations, forgetfulness, lack of focus, dizziness, angry
27 outbursts, and a left arm impairment. (AR 16, 42-46, 162-69, 197-204.) Given that the
28 ALJ provided clear and convincing reasons for not fully crediting Plaintiff's subjective

complaints, and because the statements of Plaintiff's son, wife, and daughter were substantially similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting their testimony. *See Valentine v. Commissioner Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (upholding rejection of a third-party family member's testimony, which was similar to the claimant's, for the same reasons given for rejection of the claimant's complaints). While the ALJ did not provide specific, witness-by-witness reasons for rejecting the lay witness testimony, any error was harmless, because the ALJ validly rejected the limitations described by the lay witnesses in discussing Plaintiff's testimony. *See Molina*, 674 F.3d at 1122 ("Because the ALJ had validly rejected all the limitations described by the lay witnesses in discussing [the claimant's] testimony, we are confident that the ALJ's failure to give specific witness-by-witness reasons for rejecting the lay testimony did not alter the ultimate nondisability determination."). As such, there is no reversible error.

Accordingly, reversal or remand is not warranted based on Issue #2.

## ORDER

The Court finds that the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: July 29, 2014

ARTHUR NAKAZATO
UNITED STATES MAGISTRATE JUDGE